[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Following an evidentiary hearing, the submission of briefs, and argument, the petition for appointment of receiver of rents is granted.The evidence indicates that all of the prerequisites for the appointment of a receiver have been met pursuant to General Statutes Section 16-262f, which requires an appointment of a rent receiver under circumstances such as those present in this case.
Petitioner is ordered to submit a draft order, with a copy to opposing counsel, to be reviewed by the court, setting out all applicable amounts alleged to be owed and costs and fees sought. If a further evidentiary hearing is required, petitioner may request it.
Treating defendant's October 26, 1998, Brief Re: Constitutionality of C.G S. Section 16-259a as an objection to the petition, the objection is overruled. Assuming arguendo that defendant has standing to make the claims set out in the brief, the arguments must be evaluated in light of the principle that claims of this sort must be approached with "infinite care" and that the constitutionality of an act must be sustained unless its invalidity is established"beyond reasonable doubt." Lyman v.CT Page 12875Adorno, 133 Conn. 511, 514 (1947); and that every reasonable presumption must be indulged in favor of constitutionality,Lublin v. Brown, 168 Conn. 212, 220 (1975). Defendant's claim is based on Article First, Section 1 of the state constitution, which states in part that "no man, or set of men are entitled to exclusive public emoluments or privileges from the community." See Merly v. State, 211 Conn. 199 (1989), at 212-213 ("Only if an act serves some public purpose can it be constitutionally sufficient.). See also State ex rel Higgins v. Civil ServiceCommission, 139 Conn. 102, 107-8 (1952). The constitutionality of the receivership remedy provided in Section 16-262f has been upheld. Southern Connecticut Gas Company v. Housing Authority ofthe City of New Haven 191 Conn. 514, 522-23 (1983). Defendant has not met her heavy burden in this case of showing that the challenged statutes serve no legitimate public purposes in distinguishing between customers of private water companies and public water companies.
Douglas S. Lavine Judge, Superior Court