[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE OBJECTION TO REQUEST FOR ATTORNEY FEES #102
On December 12, 2000, the plaintiff, Connecticut Light Power Co., filed a petition for order to show cause for appointment of a receiver of rents pursuant to General Statutes § 16-262f on the ground that the defendant, Anthony Macari, is in arrears in the amount of $1,330.54 on his electrical utility services bill. In response to this petition, the court, through its clerk, subsequently issued an order to show cause on CT Page 4070 December 13, 2000, and scheduled a hearing for December 18, 2000. On the morning of the hearing, before the matter was called by the court, the defendant provided the plaintiff's counsel with proof that he had fully satisfied his debt to the plaintiff. When the matter was called by this court, the plaintiff's counsel informed the court that the defendant's payment needed to be verified before agreeing that a receiver should not be appointed. At that time, the court indicated that it would consider attorney's fees and costs pending the verification of the defendant's payment.
On December 26, 2000, the defendant filed an objection to the plaintiff's request for attorney's fees, arguing that § 16-262f does not authorize the court to award attorney's fees in the event that a receiver is not appointed. On December 28, 2000, the plaintiff filed a memorandum of law in support of its application for payment of attorney's fees and costs along with an affidavit of attorney's fees. On February 13, 2001, the plaintiff filed a supplemental memorandum of law in support of its application for payment of attorney's fees and costs, seeking a total of $5,889.91.
Generally, utility services may not be terminated in situations where "an owner, agent, lessor or manager of a residential dwelling is billed directly by an electric, electric distribution, gas, telephone or water company . . . for utility service furnished, to such building not occupied exclusively by such owner, agent, lessor or manager. . . ." General Statutes § 16-262e (a); Connecticut Natural Gas Corp. v.Miller, 239 Conn. 313, 318, 684 A.2d 1173 (1996). Section 16-262e (a) specifically provides utility companies, who are prohibited from terminating service, with a "prompt mechanism for collecting unpaid utility charges . . . under § 16-262f." Id., 319. "Under § 16-262f
[(a)], a public service company may seek appointment of a receiver of the rents upon the default of the owner, agent, lessor or manager of a residential dwelling who is billed directly . . . for utility service furnished to such building. . . . The section requires an immediate judicial order to show cause why a receiver should not be appointed, and a prompt hearing [within seventy-two hours], whose sole purpose . . . shall be to determine whether there is [an amount] due and owing between the owner, agent, lessor, or manager and the . . . utility." (Internal quotation marks omitted.) Id., 317-18. Section 16-262f (a)(4) requires that "[t]he owner, agent, lessor or manager shall be liable to the petitioner for reasonable attorney's fees and costs incurred by the petitioner, provided no such fees or costs shall be recovered until after payment for current . . . service . . . has been made and after payments of reasonable fees and costs to the receiver.
Once a receiver is appointed in accordance with the procedures set CT Page 4071 forth by § 16-262f, "[t]he receiver must first pay the petitioning utility company for utility services supplied on and after the date of the receiver's appointment." Southern Connecticut Gas Co. v. HousingAuthority, 191 Conn. 514, 526, 468 A.2d 574 (1983). Following this, "provision is made for the payment of reasonable fees and costs due the receiver, and then for the payment of reasonable attorney's fees and costs incurred by the petitioner." Id.
In his objection to the plaintiff's request for attorney's fees and costs, the defendant argues that such fees and costs are proper under § 16-262f only in the event that the court appoints a receiver. The plaintiff argues that § 16-262f does not require that a receiver be appointed in order to recover attorney's fees and costs. In support of this argument, the plaintiff cites to an opinion of the attorney general, which addressed the narrow issue of whether a utility company, who petitions the court to establish a receivership pursuant to §16-262f, may recover attorney's fees and costs from the delinquent landlord in the event that the debt is satisfied prior to the hearing to show cause. The opinion indicates that "the payment of the alleged debt by the landlord constitutes an admission that the sum was due the utility. Such an admission renders the landlord liable for reasonable attorney's fees and costs pursuant to Section 16-262f." Opinions, Conn. Atty. Gen. (June 17, 1977). The opinion further notes that "[i]f such expenses were not recoverable from the debtor the utility's remaining customers would bear the burden." Id.
Our courts have had the opportunity to address this issue on only one occasion. In Metropolitan District v. Walwyn, Superior Court, judicial district of Hartford, Docket No. 591437 (August 25, 1999, Lavine, J.) (25 Conn.L.Rptr. 312), the "court specifically addressed the same attorney general's opinion as cited by the plaintiff, and noted that the court could not "agree with the legal analysis expressed in the Attorney General's Opinion because the plain language of [§ 16-262f] does not authorize awards of costs and fees until after a show cause hearing has been held." Id., 313. The court further held that "[t]he plain words of § 16-262f provide a clear line of demarcation for the award of costs and fees — subsequent to a show cause hearing." (Emphasis in original.) Id.
While the attorney general's opinion is directly on point and raises valid public policy concerns to support its conclusion, the court's holding in Metropolitan District v. Walwyn is more persuasive. Because "attorney's fees and ordinary expenses and burdens of litigation are not allowed to [a] successful party absent a contractual or statutory exception"; Rizzo Pool Co. v. Del Grosso, 240 Conn. 58, 72, 689 A.2d 1097
(1997); and because § 16-262f does not provide for a petitioner to CT Page 4072 recover attorney's fees and costs where no receiver is appointed, the plaintiff in this action is not entitled to recover such fees and costs. If it is in the interest of public policy to allow such recovery, then it is the duty of the legislature, and not the courts, to address this issue.
In light of the foregoing, the court sustains the defendant's objection to the plaintiff's application for attorney's fees and costs pursuant to General Statutes § 16-262f.
THOMAS G. WEST, J.