HARTFORD ELECTRIC LIGHT COMPANY *v.*
STANLEY V. TUCKER

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 553

Argued May 18—decided July 21, 1978

*Stanley V. Tucker,* pro se, the appellant (defendant).

*John C. Bullock,* for the appellee (plaintiff).

WRIGHT, J. Pursuant to General Statutes § 16-262f, the Court of Common Pleas (*Allen, J.*) on June 22, 1977, appointed a receiver of rents for a number of apartment houses owned by the defendant, after finding that the defendant was past due on his accounts for utility service supplied by the plaintiff. At that point the defendant filed his first appeal.

In the meantime, the state proceedings were stayed by bankruptcy proceedings instituted by the defendant. The bankruptcy court (*Seidman, J.*) terminated the stay associated with the Chapter 12 proceedings subject to the limitation discussed below. The Court of Common Pleas (*Allen, J.*) on September 6, 1977, terminated the stay of execution pending appeal which had been imposed automatically. This termination of the stay by the Court of Common Pleas was consistent with the bankruptcy court's order (*Seidman, J.*) that the receiver could pay the plaintiff, the Hartford Electric Light Company, for electrical services provided after the bankruptcy proceedings were initiated. The Court of Common Pleas (*Allen, J.*) specifically stated that "it is determined that the orderly administration of justice requires that the stay be terminated." See Practice Book, 1978, §§ 1064, 3065. That order terminating the stay directed the receiver to hold the collected monies in an interest-bearing savings account.

The defendant, on June 22, 1977, filed a motion to declare § 16-262f unconstitutional and void, which motion was denied on September 8, 1977, by the court (*Allen, J.*). In addition, the defendant, on August 26, 1977, filed a motion to terminate the rent receivership, which motion was denied by the court (*Allen, J.*) on September 6, 1977. The defendant then filed a second appeal on September 12, 1977, from the denial of those two motions.

The court (*Kinney, J.*), on November 4, 1977, modified the order dated September 6, 1977, by appointing a new receiver of rents and by modifying the amount of money to be held in the savings account. The defendant then filed his third appeal.

At the hearing before this court on May 18, 1978, the court was informed that the defendant had filed a petition in the bankruptcy court under Chapter 12, which petition was dismissed in September, 1977. On March 30, 1978, another Chapter 12 petition was filed, which petition is still pending. The defendant has also sought relief in the United States District Court for invasion of his civil rights and for violation of the antitrust laws, which case has now reached the level of a petition for certiorari. In addition, foreclosures have been instituted in the state courts on the various apartment houses.

The defendant, who has appeared pro se in these appeals, has made a wholesale attack upon the receivership proceedings in the court below and has raised many points that were not before the lower court. Moreover, the finding does not give this court sufficient facts upon which to adjudicate several of the points. Matters not briefed or supported by the finding are considered to be abandoned. The defendant has failed to comply with Practice Book, 1978, §§ 1064 and 3022 which direct him to include in the draft finding the claims of law made to the trial court. Mindful of the fact that our courts have been "solicitous of the rights of pro se litigants," we have read the transcript to determine which issues briefed by the defendant were raised below. *Connecticut Light & Power Co.* v. *Kluczinsky*, 171 Conn. 516, 519. Those issues which were not before the trial court will not be considered on this appeal. *State* v. *Williams*, 169 Conn. 322, 333; *State* v. *Evans*, 165 Conn. 61, 69. Those assignments of error which have not been

briefed are considered abandoned. *State* v. *Brown,* 163 Conn. 52, 55. In addition, those errors which have not been specifically assigned will not be considered. *Cottrell* v. *Connecticut Bank & Trust Co.,* 168 Conn. 119, 120.

The only matters which appear to be properly before this court are the following: (a) Is § 16-262f of the General Statutes unconstitutional? (b) Is the receivership proceeding under § 16-262f a "civil action" or a summary proceeding? (c) Did the defendant receive proper notice of the receivership proceedings?

## I

The defendant claims that § 16-262f permits prejudgment seizure of private property in violation of due process. He also claims that the statute permits confiscation of private property for a public purpose without compensation. It should, however, be noted that the proceedings in the court below did not involve a prejudgment remedy but, rather, a postjudgment remedy after two hearings on the merits (June 7, 1977, and June 10, 1977).

A public utility, although heavily regulated by the state, is not an arm thereof but retains its status as a private company. Thus when it has been claimed that acts of a regulated electric utility are acts "under color of state law," such claims have been dismissed. *Jackson* v. *Metropolitan Edison Co.,* 419 U.S. 345, 351; *Taylor* v. *Consolidated Edison Co. of New York, Inc.,* 552 F.2d 39 (2d Cir.). The remedy provided by § 16-262f is, therefore, not a taking for a public purpose but a taking for a private purpose, the payment of a private debt owed by the defendant to the plaintiff utility company which provides him with electric service.

The statute provides for a taking which is necessary to compensate fairly the petitioning utility

for its services and its expenses of collection. Section 16-262f provides for disbursement by the receiver of money for current bills for electric service, for past due bills, for the administrative expenses of the receiver, and for the attorney's fees incurred by the utility. Any other funds collected are directed by statute to be turned over to the defendant.

## II

The defendant claims that the proceeding under § 16-262f is a "civil action" which should allow him the usual time limits within which to file investigatory pleadings, special defenses, and counterclaims. In response to this claim the plaintiff states that the defendant, under such an adjudication, would be able to file seriatim pleas in abatement, motions to erase and dismiss, motions for production, interrogatories, motions for more specific statements, motions to separate, deposition notices, demurrers, motions to expunge, answers, counterclaims, special defenses and claims for trial by jury in order to delay an adjudication for months or even years.

The legislature, in enacting Public Acts 1975, No. 75-625 (now § 16-262f), sought to assure an immediate hearing by mandating that "[a] hearing shall be had on such order no later than seventy-two hours after its issuance . . . ." Furthermore, the legislature emphatically sought to limit the scope of the issues presented by the petition: "The sole purpose of such a hearing shall be to determine whether there is a sum due and owing . . . ."

Since the prohibition against the termination of utility service was summary and absolute, the legislature thus clearly established the summary nature of the plaintiff's remedy. Accordingly, the receivership proceeding is to be short, concise, peremptory and immediate.

If, on the other hand, the receivership proceeding were to be construed as a "civil action" within the meaning of title 52 of the General Statutes, it would no longer be a summary proceeding or an adequate remedy, and the legislative intent and regulatory system contained in § 16-262f would fail. The exclusion of certain unique statutory proceedings from provisions of title 52 "civil actions" has been well established by Connecticut courts.

In *Slattery* v. *Woodin*, 90 Conn. 48, 50, the Supreme Court relied upon the narrow definition of "civil action" in denying that controversies in the Court of Probate were "civil actions": "The accepted meaning of the term 'civil action' in this State is very well illustrated by the provision of our Practice Act (General Statutes, § 607) [now § 52-91] that 'there shall be but one form of civil action, and the pleadings therein shall be as follows: The first pleading on the part of the plaintiff shall be known as the complaint . . . .'" Significantly, a proceeding commenced pursuant to § 16-262f is initiated by a petition and an order to show cause. It is not initiated by a complaint.

In denying that an appeal from a compensation commissioner's award is a "civil action," the Supreme Court in *Chieppo* v. *Robert E. McMichael, Inc.*, 169 Conn. 646, 653, found that the "intention of the framers of the act was to establish a speedy, effective and inexpensive method for determining claims . . . ." Since that objective would be frustrated by the procedural requirements attendant upon a "civil action," the court found from the language of the act that the General Assembly intended to establish a procedure distinct from the ordinary concept of a civil action.

For further examples of special statutory proceedings which have been distinguished by the courts of Connecticut from title 52 "civil actions" in order

to prevent the applicability of title 52 procedural requirements, see *Jones* v. *Foote,* 165 Conn. 516, 521; *Bank Building & Equipment Corporation* v. *Architectural Examining Board,* 153 Conn. 121, 124; *New Haven* v. *New Haven Water Co.,* 132 Conn. 496, 515; *Connecticut Light & Power Co.* v. *Southbury,* 95 Conn. 88, 93; *Hartford* v. *Public Utilities Commission,* 30 Conn. Sup. 299, 301.

### III

The defendant claims that improper service was made upon him and cites the court's (*Pickett, J.*) direction that a sheriff should make service upon him and should post a copy of the petition on the premises described in the petition. In fact, the petition was delivered by hand to the defendant by the plaintiff's attorney, without a posting of the premises. The record discloses that the defendant received a copy of the petition and order and signed an acceptance of service.

The issue thus raised is whether the defendant, after voluntarily accepting service from the plaintiff's attorney rather than from a sheriff, can thereafter challenge the jurisdiction of the court to conduct the limited hearing prescribed by § 16-262f.

Accentuating the fact that the service of process requirements of title 52 do not apply to petitions brought pursuant to § 16-262f, the General Assembly provided a separate and independent requirement for the service of the notice of the "show cause" hearing. The order to show cause "shall be served upon the owner, agent, lessor or manager or his agent in a manner *most reasonably calculated to give notice to such owner, agent, lessor or manager* . . . ." General Statutes § 16-262f. (Emphasis added.)

Anticipating that the shortness of time between the issuance of the order and the hearing, seventy-

two hours, might make personal, manual service upon the appropriate party extremely difficult, the General Assembly provided that permissible service could be effected merely by "posting of such order on the premises in question." General Statutes § 16-262f. This permissive provision is particularly significant since it has long been established in Connecticut that "manual service on a defendant within the state is always the best and highest type of service and should always be used, if possible . . . ." *Smith* v. *Smith,* 150 Conn. 15, 22.

In the present case, service was effected upon the defendant in the "manner most reasonably calculated to give notice" — manual, personal service. In addition, the acceptance of service by the defendant constituted a waiver of any technical defects. See 1 Stephenson, Conn. Civ. Proc. § 26d.

In several reported cases the Connecticut courts have held that a defendant's behavior can result in a court gaining jurisdiction despite any claim that the tribunal lacks such jurisdiction. See, e.g., *Beardsley* v. *Beardsley,* 144 Conn. 725 (waiver found in the sending of a letter addressed to the court); *Samson* v. *Bergin,* 138 Conn. 306 (waiver contained in agreement between the parties); *Receivers Middlesex Banking Co.* v. *Realty Investment Co.,* 104 Conn. 206, 214 (waiver found in participating in a trial on the merits subsequent to filing a plea in abatement).

In the present case, the defendant not only executed the express waiver, but he also proceeded with a trial on the merits, not only defending the claims against him, but also asserting counterclaims and setoffs.

There is no error.

In this opinion DRISCOLL and CRAMER, Js., concurred.