YANKEE GAS SERVICES COMPANY *v.* JOSEPH DASILVA, JR., ET AL.
(9783)

CONNECTICUT LIGHT AND POWER COMPANY *v.* JOSEPH DASILVA, JR., ET AL.
(9784)

YANKEE GAS SERVICES COMPANY *v.* JOSEPH DASILVA, JR.
(9785)

DALY, LANDAU and HEIMAN, Js.

Argued May 29—decision released July 9, 1991

*Steven M. Olivo,* for the appellants (respondents).

*Patrick J. O'Connell,* with whom, on the brief, was *Thomas J. Sansone,* for the appellees (petitioners).

DALY, J. The respondents'[1] appeal from the trial court's judgments appointing a receiver to collect rents and payments from the occupants of the respondents' numerous properties for utility bills owed to the plaintiffs, pursuant to General Statutes § 16-262f. The respondents are owners, agents, lessors or managers of the properties in question. These companion cases involve some common respondents, arise from the same controversy, were heard together and decided by the same trial court, raise the same issues and, therefore, are consolidated for purposes of this appeal. The respondents claim that the trial court improperly rendered judgments appointing receivers because General Statutes § 16-262e (a) first requires evidence showing it was impracticable for occupants to receive utility service in their own names. The respondents also claim that under General Statutes § 16-262f the trial court

[1] In Appellate Court case 9783 the named respondent is joined by DaSilva & Sons; in Appellate Court case 9784 the named respondent is joined by DaSilva & Sons, DaSilva and Sons, Inc., and Mrs. E. DaSilva, a/k/a Maria DaSilva.

cannot impose on them the duty to disclose and to cooperate with the receiver. Finally, the respondents claim that the trial court improperly imposed a lump sum arrearage judgment for multiple accounts on groups of buildings without sufficient specificity. We disagree with the respondents' first two claims and agree with their final claim.

The respondents' first claim misapplies a requirement of General Statutes § 16-262e (a) to General Statutes § 16-262f. Section 16-262e (a) prohibits a utility from terminating service to a residential property for non-payment of a delinquent account when the account is billed to an owner, agent, manager or lessor of the property, rather than to the occupants or tenants of the dwelling. This statute prohibits termination unless the utility meets certain conditions; among them, the utility must show that it is impracticable for the occupants of the property to receive service in their own names. The statute clearly states, however, that if the above conditions cannot be met, a utility "may pursue the remedy provided in Section 16-262f." General Statutes § 16-262e (a) (2). Thus, General Statutes § 16-262e is but one remedy of those provided in §§ 16-262c through 16-262i which a utility may elect to employ. See *Southern Connecticut Gas Co.* v. *Housing Authority,* 191 Conn. 514, 518–20, 468 A.2d 574 (1983).

Section 16-262f provides the utility with the option of applying for a receiver of rents or payments to settle arrears on a delinquent account.[2] This section does

[2] General Statutes § 16-262f (a) provides in pertinent part: "Upon default of the owner, agent, lessor or manager of a residential dwelling who is billed directly by an electric, gas, telephone or water company or by a municipal utility for utility service furnished to such building, such company or municipal utility may petition the superior court or a judge thereof, for appointment of a receiver of the rents or payments for use and occupancy for any dwelling for which the owner, agent, lessor or manager is in default. The court or judge shall forthwith issue an order to show cause why a receiver should not be appointed, which shall be served upon the owner, agent, les-

not require any showing that it is impracticable to provide service to the occupants in their own names. The section provides a summary procedure whereby utilities may seek expedited judgments to collect sums legitimately owed by customers. See id.; *Hartford Electric Light Co.* v. *Tucker,* 35 Conn. Sup. 609, 613–15, 401 A.2d 454 (App. Sess. 1978). We conclude that the conditions of General Statutes § 16-262e are not applicable to § 16-262f and, therefore, that the respondents' first claim is without merit.

The respondents' second claim is equally without merit. A statute should be construed in an efficacious and constitutional manner to achieve its purposes. *Moscone* v. *Manson,* 185 Conn. 124, 128, 440 A.2d 848 (1981). General Statutes § 16-262f imposes various duties on the court-appointed receiver that could not be performed without the cooperation and disclosure of certain information by the owner, agent, manager, or lessor of the premises under receivership. Section 16-262f (d) imposes the threat of contempt on an owner, agent, lessor or manager who attempts to interfere with the receiver by attempting to collect rent. This duty of noninterference with the receiver implies a corresponding duty to cooperate and disclose information to the receiver to enable him to perform his statutory duties. We conclude that General Statutes § 16-262f imposes a duty on any owner, agent, lessor or manager whose property is under court-ordered receivership reasonably to cooperate and disclose information to the receiver. This construction enables an effective receivership.

sor or manager or his agent in a manner most reasonably calculated to give notice to such owner, agent, lessor or manager as determined by such court or judge, including, but not limited to, posting of such order on the premises in question. A hearing shall be had on such order no later than seventy-two hours after its issuance or the first court day thereafter. *The sole purpose of such a hearing shall be to determine whether there is a sum due and owing between the owner, agent, lessor, or manager and the company or municipal utility.*" (Emphasis added.)

Finally, the respondents claim that the lump sum judgment rendered in each case against a conglomeration of properties would result in injustice, and we agree. General Statutes § 16-262f permits a receivership only for a "dwelling for which the owner, agent, lessor or manager is in default" on his utility bills. Section 16-262f (b) further provides that "any receivership established . . . should be terminated by the court upon its finding that the arrearage which was the subject of the original petition has been satisfied . . . ." As the judgments presently stand, one property, the arrearage for which is less than another's, could be forced to remain in receivership and pay an amount sufficient to satisfy the total judgment. It would be a bizarre result to construe the statute to allow one property owner to pay for another's debt merely because both properties happen to be mismanaged by a common agent. We conclude, therefore, that the trial court should reform its judgment to reflect the arrearage and statutory expenses allocated for each property. With each property's amount correctly calculated, the trial court should then order that each property should in turn be released from receivership as its arrearage and statutory fees are satisfied.

The judgments are affirmed as to the appointment of a receiver and reversed as to the finding of a lump sum arrearage, and the matter is remanded to the trial court for a hearing to determine the proper arrearage and statutory amounts owed by each property in each case and to order that each property be released from receivership when such judgment has been satisfied.

In this opinion the other judges concurred.