[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
The plaintiff, The Connecticut Light and Power Company (CLP), filed an Application for Prejudgment Remedy and Complaint, dated February 8, 1990, against the defendant, Stanley V. Tucker. This complaint, which was withdrawn subsequently, sought collection of sums allegedly owed to CLP by Tucker for the provision of electric utility service to Tucker at 42 Charles Street, Torrington, Connecticut, a multi-unit residential dwelling, owned and operated by Tucker.
Count one alleged that Tucker breached an implied contract, CT Page 2615 and the second count alleged that Tucker was unjustly enriched by accepting the utility service without paying for it. Count three alleged that the utility service was not provided on an individually metered or billed basis to each dwelling unit for the exclusive use of the occupants of that dwelling unit, and that Tucker, as the owner of the building, was liable to CLP for all costs of the utility service pursuant to General Statutes § 16-262e(c).
On September 25, 1990, Tucker filed an answer, a special defense and a counterclaim. As a special defense, Tucker claims that CLP failed to state a cause of action. In his counterclaim, Tucker seeks a declaratory judgment that General Statutes § 16-262f
is "unconstitutional and void on its face because . . . [i]t denies a jury trial to defendant [and] . . . fails to give defendant due process consisting of notice of defenses." (Counterclaim, dated September 21, 1990, para. 1). In his counterclaim, Tucker alleges that "[t]his action is a re-litigation of Hartford Superior Court No CV 89-0359855 S, Tucker v. Conn. Light Power Co.,
which terminated without trial on the merits and this action is brought under the authority of . . . [General Statutes §] 52-592
which authorizes re-pleading one or more times." (Counterclaim, para. 2). Tucker claims that "[o]n or about January 1, 1979, Plaintiff (formerly Hartford Electric Light Co.) instituted under. . . [General Statutes §] 16-262f without notice of defenses and without a jury trial a rent receivership upon seven income producing properties owned by Defendant." (Counterclaim, para. 3). Tucker further claims that "[p]laintiff caused great damages to Defendant by failure to collect rents, by failure to maintain the properties by failure to pay utilities, taxes and mortgages." (Counterclaim, para. 1). Tucker further alleges that [a]ll seven of the properties went into foreclosure and [d]efendant suffered great damages in unpaid interest, attorneys fees, court costs, reporters costs, lost rents, and valuable equities lost in foreclosure." (Counterclaim, para. 5).
On October 24, 1990, CLP filed an answer to Tucker's special defense, in which CLP denied every allegation asserted as a special defense by Tucker. Also on October 24, 1990, CLP filed an answer and special defenses to Tucker's counterclaim, in which CLP asserted as a special defense that "[a]ny claim made by the [d]efendant with regard to a receivership instituted in 1979 is barred by the applicable statute of limitations, as well as the doctrine of Res Judicata." (CLP's Answer and Special Defenses to Counter Claim, dated October 22, 1990). CT Page 2616
On April 11, 1991, Tucker filed a reply to CLP's special defenses. In the reply, Tucker asserts the following arguments. "None of the issues raised in the Counter Claim were ever litigated before in any action and are not barred by Res Judicata . . . . The Counter Claim [was] brought under the authority of . . . [General Statutes §] 52-592 which gives jurisdiction to bring another action one or more times when an action fails for jurisdictional reasons without trial on the merits. This Counter Claim succeeds Hartford Superior No CV 89-0359855 S which was timely filed under authority of . . . [General Statutes §] 52-592 to replace Htfd Superior No. CV 82-0271546 S which was timely filed and failed without trial on the merits. The statute of limitations does not apply to this action." (Tucker's Reply to Special Defenses, dated April 10, 1991).
On April 24, 1991, CLP filed a withdrawal of its complaint. Tucker, however, did not withdraw his counterclaim, which survives to the present time.
On December 1, 1995, CLP filed a motion for summary judgment as to Tucker's counterclaim. The motion was accompanied by a memorandum of law in support of the motion, an attorney's affidavit, and a certified copy of a motion to dismiss filed in an action entitled Tucker v. CLP, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 359855 (May 30, 1989, Koletsky, J.). On January 10, 1996, Tucker filed an objection to CLP's motion for summary judgment along with a memorandum of law in support of his objection and a certified copy of an order of dismissal from the Appellate Court in the appeal ofTucker v. CLP, supra.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Home Ins., Co. v. Aetna Life CasualtyCo., 235 Conn. 185, 202, 662 A.2d 1001 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . ." (Citation omitted; internal quotation marks omitted.) Id. "A motion for summary judgment shall be supported by supporting documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book § 380. "Because res judicata, . . . if raised, may be dispositive of a claim, summary judgment [is] the appropriate method for resolving CT Page 2617 a claim of res judicata." Jackson v. R.G. Whipple, Inc.,225 Conn. 705, 712, 627 A.2d 374 (1993).
CLP moves for summary judgment on Tucker's counterclaim. First, CLP contends that the doctrine of res judicata bars the relitigation of any constitutional challenges to General Statutes § 16-262f, the receivership statute. Next, CLP contends that Tucker is precluded, as a matter of law, from availing himself of the operation of General Statutes § 52-592(a), the Accidental Failure of Suit statute. Finally, CLP maintains that Tucker's claims with regard to the alleged acts or omissions of the court-appointed receiver, even if true, do not constitute a legally viable cause of action against CLP.
 I. Whether The Doctrine of Res Judicata Bars Tucker's Constitutional Challenges to General Statutes § 16-262f
In the present case, Tucker's counterclaim seeks a declaratory judgment that General Statutes § 16-262f is unconstitutional and void on its face because it denies the defendant a jury trial and it fails to afford the defendant due process "consisting of notice of defenses." (Counterclaim, para. 1). CLP argues that Tucker has challenged the constitutionality of the statute before and is now precluded by the doctrine of res judicata from relitigating this claim. Tucker responds that in the prior proceedings between the parties, the appellate courts never ruled on the constitutionality of General Statutes § 16-262f, but instead limited their rulings to whether Tucker received proper notice of the receivership proceedings. Tucker maintains that the Supreme Court limited its holding to the specific issues of the case and did not extend its holding to the overall constitutionality of the statute. Therefore, Tucker contends that the issue of whether the statute is unconstitutional is not precluded.
"Under the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim." (Emphasis provided; internal quotation marks omitted.) DeMilo Co. v.Commissioner of Motor Vehicles, 233 Conn. 281, 292, 659 A.2d 162
(1995). "[C]laim preclusion prevents a litigant from reasserting a claim that has already been decided on the merits . . . ." (Internal quotation marks omitted.) Jackson v. R.G. Whipple, Inc.,
supra, 225 Conn. 713. This doctrine expresses "no more than the CT Page 2618 fundamental principle that once a matter has been fully and fairly litigated, and finally decided, it comes to rest." (Internal quotation marks omitted.) Id., 712. "[C]laim preclusion prevents the pursuit of any claims relating to the cause of action which were actually made or might have been made." (Citations omitted; internal quotation marks omitted.) Scalzo v. Danbury, 224 Conn. 124,128, 617 A.2d 440 (1992).
In Hartford Electric Light Company v. Tucker, 35 Conn. Sup. 609,401 A.2d 454 (App. Sess. 1978), Tucker sought a declaratory judgment that General Statutes § 16-262f was unconstitutional and void on its face. The court observed that the only matters properly before it were whether § 16-262f was unconstitutional, whether the receivership proceeding under the statute was a civil action or a summary proceeding, and whether the defendant had received proper notice of the receivership proceedings. Id., 612. Tucker claimed that the statute permitted "prejudgment seizure of private property in violation of due process." Id. Initially, the court observed "that the proceedings in the court below did not involve a prejudgment remedy but, rather, a postjudgment remedy after two hearings on the merits . . . ." Id. The court then observed that a public utility is not an arm of the state, but a private entity, and that the remedy provided by § 16-262f "is, therefore, not a taking for a public purpose but a taking for a private purpose, the payment of a private debt owed by the defendant to the plaintiff utility company which provides him with electric service." Id. The court determined, however, that the statute "provides for a taking which is necessary to compensate fairly the petitioning utility for its services and its expense of collection." Id., 612-13.
In Hartford Electric Light Co. v. Tucker, 183 Conn. 85,438 A.2d 828 (1981), cert. denied, 454 U.S. 837, 102 S.Ct. 470,70 L.Ed.2d 118 (1981), Tucker again challenged the constitutionality of the receivership statute. The Supreme Court rejected Tucker's challenge and emphasized that Tucker "cannot now relitigate the propriety of the receivership per se, because that question was decided against him in the earlier proceedings in the Appellate Session. Hartford Electric Light Co. v. Tucker, 35 Conn. Sup. 609,401 A.2d 454 (1978). Res judicata bars a second adjudication here on the facial constitutionality of General Statutes 16-262f." (Emphasis provided.) Id., 89. The court stated that "[t]he statute adequately provided him with an effective opportunity to be heard and with proper notice thereof." Id., 90. The court emphasized that "the statute does not violate procedural due process on its face and did not violate procedural due process as CT Page 2619 applied in this case." Id., 91.
Based upon the foregoing discussion, it is submitted that the court finds that the constitutionality of General Statutes § 16-262f has been decided. Therefore, that the doctrine of res judicata precludes Tucker from raising this issue in the present action.
 II. Whether General Statutes § 52-592(a) Allows Tucker to Bring His Counterclaim in the Present Action
Tucker's counterclaim asserts that the present action is a relitigation of the 1989 action filed in the Superior Court, entitled Tucker v. CLP. CLP argues that Tucker is precluded, as a matter of law, from availing himself of the operation of General Statutes § 52-592(a), the Accidental Failure of Suit statute. CLP contends that in the context of General Statutes § 52-592(a), the "original action" refers to the first action filed by the plaintiff within the applicable statute of limitations. CLP argues that the original action in this case was commenced in 1977 when the receivership was established. Consequently, CLP maintains that the present claim, filed on September 25, 1990, was filed beyond all applicable statutory periods, and "could not have been reinstated within the one year limitation period" of General Statutes § 52-592(a). (Memorandum in Support of Plaintiff's Motion for Summary Judgment, p. 9).
Alternatively, CLP argues that even if the court considers the 1989 Superior Court action, Tucker v. CLP, supra, as the original action for purposes of this motion, Tucker's action would still fail as a matter of law. Tucker's counterclaim alleges that it is a relitigation of Tucker v. CLP, supra, brought pursuant to General Statutes § 52-592(a). CLP contends, however, that the 1989 action was dismissed on May 30, 1989; therefore, because Tucker's counterclaim in this case was filed on September 25, 1990, more than one year after the dismissal of Tucker v. CLP, supra, Tucker's counterclaim fails to comport with the one-year time period contained in General Statutes § 52-592(a). Thus, CLP concludes that the counterclaim at issue in this case is barred by the statute of limitations because it fails to meet the requirements of the Accidental Failure of Suit statute.
In response, Tucker maintains that the issues involved in the CT Page 2620 1977 receivership proceedings brought by Hartford Electric Light Company were different from those at issue in this case; therefore, the receivership proceedings cannot be the original claim. Next, Tucker argues that this cause of action is identical to Tucker v.CLP, the 1989 Superior Court action, and that the 1989 action was the original action. Tucker argues, however, that while the 1989 case was dismissed from the Superior Court on May 30, 1989, the case was appealed to the Appellate Court on July 3, 1989, and that appeal was dismissed on October 5, 1989. (Memorandum of Law in Support of Defendant's Objection to Motion for Summary Judgment, Exhibit 1: Order of Dismissal). Tucker maintains that this later date is the operative date from which to calculate the statutory period pursuant to General Statutes § 52-592(a). Using this date, Tucker argues that the counterclaim was filed in a timely manner and is not barred by the statute of limitations.
General Statutes § 52-592(a) provides: "[i]f any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff, or, if the plaintiff is dead and the action by law survives, his executor or administrator, may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment." General Statutes § 52-592(a).
"In the context of 52-592(a), original action is used to refer to the first action pled by the plaintiff within the period of the applicable statute of limitations." (Internal quotation marks omitted.) Pintavalle v. Valkanos, 216 Conn. 412, 417,581 A.2d 1050 (1990). Where "the group of facts from which [an] action arises is identical to the group of facts from which [another] action arises . . . [b]oth actions . . . are the same cause of action." (Internal quotation marks omitted.) Rogozinski v.American Food Service Equip. Corp., 34 Conn. App. 732, 739,643 A.2d 300, cert. denied, 231 Conn. 910, 648 A.2d 156 (1994).
In this case, Tucker filed his counterclaim on September 25, CT Page 2621 1990, challenging the constitutionality of General Statutes § 16-262f. Despite CLP's arguments to the contrary, the counterclaim does not involve identical issues as the 1977 receivership proceedings. In 1977, CLP petitioned the court to appoint a receiver of rents for Tucker. Hartford Electric Light Co. v.Tucker, supra, 183 Conn. 86. The court granted CLP's petition and appointed a receiver. Id. Tucker immediately appealed the order, challenging both its propriety and its constitutionality. Id. The Appellate Session of the Superior Court found no error. Id. In 1978, the receivership was terminated. Id.
In the 1989 action, Tucker v. CLP, supra, Tucker asserted the same claim. That case was dismissed for lack of subject matter jurisdiction. (CLP's Memorandum, Attachment: Order of Dismissal). The counterclaim in the present action is a relitigation of the same claim as that raised in the 1989 action because it again challenges the constitutionality of the statute. (Tucker's Memorandum, page 2). The trial court dismissed the 1989 action on May 30, 1989. (CLP's Memorandum, Attachment: Order of Dismissal). That dismissal was appealed to the Appellate Court, however, and the Appellate Court dismissed the appeal on October 5, 1989. (Tucker's Memorandum, Exhibit 1).
General Statutes § 52-592(c) sets out the applicable law for determining whether the statutory period begins to run from the date that the Superior Court granted the Motion to Dismiss inTucker v. CLP, supra, or from the date that the Appellate Court dismissed the appeal from the granting of that motion. According to General Statutes § 52-592(c), "[i]f an appeal is had from any such judgment to the supreme court or appellate court, the time the case is pending upon appeal shall be executed in computing the time as above limited." General Statutes § 52-592(c). Therefore, because Tucker's counterclaim was filed on September 25, 1990, within one year from the judgment on the appeal, it meets the requirements of General Statutes § 52-592; therefore, the counterclaim was timely.
As previously set forth, the counterclaim seeks a declaratory judgment concerning the constitutionality of General Statutes § 16-262f, as well as damages relating to CLP's alleged failure to perform various duties and damages allegedly incurred as a result from certain foreclosure proceedings. Although the court may find that the counterclaim was filed in a timely manner, Tucker is precluded by res judicata from relitigating the issue of the statute's constitutionality. As set forth below, that the CT Page 2622 remainder of the counterclaim fails pursuant to the language of General Statutes § 16-262f.
 III Whether Tucker's Claims Concerning The Alleged Acts of the Court-Appointed Receiver Constitute a Cause of Action as to CLP
Tucker's counterclaim alleges that CLP "caused great damages to Defendant by failure to collect rents, by failure to maintain the properties by failure to pay utilities, taxes and mortgages." (Counterclaim, para. 4). CLP argues that Tucker's claims concerning the alleged acts or omissions of the court-appointed receiver, even if true, do not constitute a legally viable cause of action against CLP. CLP contends that the plain language of the statute does not require CLP, the petitioning utility, to pay maintenance, taxes, or mortgages. CLP argues that the statute imposes such duties on the receiver. CLP contends that Tucker has sued the wrong defendant and that he should have sued the receiver for breach of the statutory obligations. Thus, CLP claims that there is no genuine issue of material fact as to this claim by Tucker and that it is entitled to judgment as a matter of law. Tucker argues that CLP's negligent actions cannot be insulated by the receivership statute.
Tucker's counterclaim also alleges that "[a]ll seven of the properties went into foreclosure and Defendant suffered great damages in unpaid interest, attorneys fees, court costs, reporters costs, lost rents, and valuable equities lost in foreclosure." (Counterclaim, para. 5). With respect to this claim, CLP argues that the damages arising from the foreclosure are barred by res judicata. CLP buttresses this claim by quoting from HartfordElectric Light Co. v. Tucker, in which the Supreme Court stated, "[t]he defendant's underlying challenge to the administration of the receivership appears to rest on the perceived injustice of permitting a utility receivership to take rent receipts as a first lien, without regard to the costs of maintenance or mortgage obligations. It may well be true that utility receiverships will often, as in this case, lead to foreclosure receiverships and thus risk further impairment of inner city housing stock. This court is, however, not the proper audience to which to address such arguments of public policy. (Emphasis added.)" Hartford ElectricLight Co. v. Tucker, supra, 183 Conn. 94.
Tucker counters CLP's res judicata argument by claiming that CT Page 2623 the issue actually considered by the court in Hartford ElectricLight Co. v. Tucker was the "injustice of permitting a utility receivership to take rent receipts as a first lien without regard to the costs of maintenance or mortgage obligations." (Tucker's Memorandum, p. 9). Tucker maintains the issues raised in his counterclaim are specific to the "manner in which the receivership was executed, and not to the propriety of the remedy itself." (Tucker's Memorandum, p. 9).
General Statutes § 16-262f provides, in pertinent part, that "[u]pon default of the owner, agent, lessor or manager of a residential dwelling who is billed directly by an electric, gas, telephone or water company or by a municipal utility for utility service furnished to such building, such company or municipal utility may petition the superior court or a judge thereof, for appointment of a receiver of the rents or payments for use and occupancy for any dwelling for which the owner, agent, lessor or manager is in default . . . . [t]he receiver appointed by the court shall collect all rents or payments for use and occupancy forthcoming from the occupants of the building in question in place of the owner, agent, lessor or manager. The receiver shall pay the petitioner or other supplier, from such rents or payments for use and occupancy, for electric, gas, telephone, water or heating oil supplied on and after the date of his appointment." (Emphasis provided.) General Statutes § 16-262f.
In 1977, CLP instituted receivership proceedings against Tucker. A receiver was appointed. According to the statute, it was the receiver's duty to collect rents and pay utilities. Tucker, in his counterclaim, seeks damages from CLP for CLP's failure to perform these acts, along with CLP's alleged failure to pay taxes and mortgages on the property subject to the receivership. The plain language of the statute does not require the petitioning utility to collect any rents or payments or to pay utilities, taxes or mortgages on the property. Rather, the statute requires that the receiver appointed by the court "shall collect all rents and payments" and "shall pay the petitioner or other supplier . . . for electric, gas, telephone, water or heating oil . . . ." General Statutes § 16-262f. Accordingly, because the statute imposes the duties of collecting rent and payment of utilities upon the court-appointed receiver, not upon the petitioning utility, the court may find that Tucker's attempt to impose liability on CLP should fail as a matter of law. Accordingly, because the statute imposes the duties of collecting rent and payment of utilities upon the court-appointed receiver, CT Page 2624 not upon the petitioning utility, the court finds that Tucker's attempt to impose liability on CLP fails as a matter of law.
 IV
The court finds that there is no genuine issue of material fact with respect to Tucker's counterclaim and CLP is entitled to judgment as a matter of law. Therefore, summary judgment is granted in favor of CLP.
PICKETT, J.