[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO APPROVE FINAL ACCOUNT AND DISCHARGERECEIVER
The plaintiff filed a motion to discharge the receiver, terminate the bond and accept the final account. This utility receivership action was brought pursuant to Connecticut GeneralStatutes § 16-262f. The issue in this case is whether or not the plaintiff, a water company, has the right under the rules and regulations of the State of Connecticut to transfer an unpaid balance from one property account to this receivership collection account thus permitting collection of both accounts by the receiver. The parties filed briefs and argued the motion. No testimony was presented.
FACTS
The plaintiff is a public utility company providing public water service to properties in the greater Bridgeport area. The defendants are owners of various multi-family houses located in the Bridgeport area who receive water services from the plaintiff. The defendants own the multi-family house at 235-39 Madison Avenue, Bridgeport, Connecticut which is the subject of this receivership action. The water meter is registered in the name of the defendants and not in name of the individual tenants. There are no separate water meters for any residential tenant.
On June 7, 1995 this court entered an order appointing Collect Associates as receiver of rents for the property at 235-39 Madison Avenue, Bridgeport, Connecticut. The court found an CT Page 5263 arrears of $1,587.61 as of May 30, 1995 in unpaid water bills servicing 235-39 Madison Avenue. The court further ordered attorney's fees of $317.52 and court costs of $199.80. The receiver was also authorized to collect current water bills. In addition the court ordered that the receiver collect its own collection fees and provide an accounting to the court when the arrears had been paid in full.
A final account of the receiver was submitted by the attorney for the plaintiff. The final account stated that the arrears of $1587.61 as of May 30, 1995 had been paid in full. Furthermore the accounting showed that the attorney's fees and court costs had been paid. A contemporaneous motion to discharge the receiver and terminate the bond was filed.
The defendants objected to the final account and filed a memorandum of law in opposition. The basis of the objection was that the account filed by Collect Associates contained billings for another property at 50 Revere Street, Bridgeport. The defendant, Robert Goeller, claimed that he co-owned the multi-family house at 50 Revere Street, Bridgeport with persons other than the co-defendant in this case, Loretta D. Goeller. The parties agreed that the plaintiff, Bridgeport Hydraulic Company, transferred the debt due for water services at 50 Revere Street, Bridgeport to the account at 235-39 Madison Avenue, Bridgeport and that the receiver, after the transfer, continued to collect from the rents at 235-39 Madison Avenue, Bridgeport sufficient additional money to pay the past water bills for 50 Revere Street.
The defendant claims that such a transfer is not authorized by the receivership statute, Connecticut General Statutes§ 16-262f, nor by the rules and regulations promulgated by the Department of Public Utility Control pursuant to statute,Connecticut General Statutes § 16-262i. The plaintiff in its memorandum argues to the contrary that the transfer of accounts is permissible and the rules and regulations have been complied with in presenting to the court this final account. The plaintiff moves for the approval of the final account.
DISCUSSION OF LAW
The plaintiff's lawsuit is brought pursuant to statute. "Upon default of the owner, agent, lessor or manager of a residential dwelling who is billed directly by an electric, gas, CT Page 5264 telephone or water company or by a municipal utility for utility service furnished to such building, such company or municipal utility may petition the superior court or a judge thereof, for appointment of a receiver of the rents or payments for use and occupancy for any dwelling for which the owner, agent, lessor or manager is in default." Connecticut General Statutes § 16-262f.
The statute requires an order to show cause why the receiver should not be appointed. "The sole purpose of such a hearing shall be to determine whether there is an amount due and owing between the owner, agent, lessor or manager and the company or municipal utility." Connecticut General Statutes § 16-262f(a).
The amount due will constitute a lien which the plaintiff can record on the land records. "The receiver appointed by the court shall collect all rents or payments for use and occupancy forthcoming from the occupants of the building in question in place of the owner, agent, lessor or manager." ConnecticutGeneral Statutes § 16-262f(a). The statute authorizes the receiver to pay the petitioner from such rents for electric, gas, telephone, water and heating oil supplied on or after the date of his appointment as well as reasonable fees and costs determined by the court to be due to the receiver. The plaintiff proceeded in accordance with the statute. The order of this court of June 7, 1995 appointing the receiver was neither contested nor appealed from by the defendants.
The statute is in derogation of common law. It has been held constitutional. Hartford Electric Light Corp. v. Tucker,183 Conn. 85 (1981); Hartford Electric Light Co. v. Tucker,35 Conn. Sup. 609 (1978), cert denied. "The statute provides for a taking which is necessary to compensate fairly the petitioning utility for its services and its expenses of collection. Section 16-262f provides for disbursement by the receiver of money for current bills for electric service, for past due bills, for the administrative expenses of the receiver and for the attorney's fees incurred by the utility. Any other funds collected are directed by statute to be turned over to the defendant." Hartford Electric Light Co. v. Tucker,35 Conn. Sup. 609, 612 (1978). "We conclude therefore that the defendant's direct constitutional challenges to General Statute16-262f must fail. The statute adequately provided him with an effective opportunity to be heard and with proper notice thereof." Hartford Electric Light Corp. v. Tucker, 183 Conn. 85,90 (1981).
The principal case discussing the receivership statute, CT Page 5265 § 16-262f is Connecticut Light and Power Company v. DaSilva,231 Conn. 441 (1994) which narrowed the scope of the court's consideration and eliminated the trial court's discretionary power normally found in other receivership actions. In other receivership actions "the application for a receiver is addressed to the sound legal discretion of the court, to be exercised with due regard to the relevant statutes and rules . . ."Chatfield Co. v. Coffey Laundries, Inc., 111 Conn. 497, 501
(1930). DaSilva held that under the statutory scheme the trial court had no discretion and upon proof of the statutory requirements it must appoint a receiver. DaSilva requires that the statute must be strictly construed and limits the court's duties to determine (1) if there is an amount due and (2) the amount due. In addition it would appear that the trial court would have to determine notice and standing, i.e. whether the premises are a multi-family dwelling in which the owner was billed directly by the utility company.
Utility companies cannot terminate service to a residential dwelling unless the utilities are in the name of the individual tenant. General Statutes § 16-262e(a). The legislature created the receivership remedy. "The summary rent receivership proceedings authorized by § 16-262f constitute, as we have previously recognized, a statutory trade-off for the requirement of continued service imposed by § 16-262e(a)." ConnecticutLight and Power Co. v. DaSilva, supra 446. The Supreme Court concluded that the trial court did not have available "the same wide-ranging equitable and discretionary principles that govern rent receiverships in ordinary mortgage foreclosure proceedings." Connecticut Light and Power Co. v. DaSilva, supra 446.
The legislature required the Department of Public Utility Control to adopt regulations necessary to carry out these purposes. Connecticut General Statutes § 16-262i. The Department of Public Utilities Control did pass such regulations. The pertinent regulations for this case are found under the heading "Termination of Utility Service." ConnecticutRegulations, § 16-3-100.
The regulations under § 16-3-100 permit the installation of a master meter in a multi-family dwelling. "Where service is provided through a master meter, the company may with the written agreement of all the occupants, establish service in the name of the occupants, pursuant to the plan for billing and CT Page 5266 payment agreeable to all of the parties." ConnecticutRegulations § 16-3-100(i)(5). "Where service is provided by a master meter and arrangement for service pursuant to subdivision 5 above is not made or is discontinued, the company shall not terminate service but may petition for receiver of rents pursuant to section 16-262f of the Connecticut General Statutes." Connecticut Regulations § 16-3-100(i)(6)
 Section 16-3-100(i)(2) states "No company shall terminate residential service to a premises where the company has actual or constructive knowledge that the customer to whom services is billed or members of his household are not the exclusive occupants of the premises, without complying with the provisions of this subsection." The regulations further give the tenant, if the premises is individually metered, to establish services in his own name without liability for any prior balance due.
There are provisions in the regulations for the transfer of delinquent balances from one account to a another account. "Transferring the delinquent balance to another account of the same type and class of the named customer, if one has been established". Connecticut Regulations § 16-3-100(j)(3)(C).
 CONCLUSION OF LAW
"Although the construction and interpretation of a statute is a question of law for the courts to decide . . . it is the well established practice of this court to accord great deference to the construction given a statute by the agency charged with its enforcement." (internal citations omitted) Starr v. Commissionof Environmental Protection, 226 Conn. 358, 372 (1993). In a number of matters the Department of Public Utility Control has permitted the Bridgeport Hydraulic Company to transfer a delinquent residential account to another residential account.
"In our opinion, State regulations (See 16-3-100 Regulations of Connecticut State Agencies Concerning Termination of Utility Service) do not prevent the Bridgeport Hydraulic Company from transferring a delinquent residential account in your name to your home account, and threatening termination of service at your home for nonpayment of the transferred amount, so long as the notice requirements required by the above regulations are fulfilled." In re: account of George Aubin,
January 9, 1991, DPUC letter. CT Page 5267
In re: account of Thongranh Norinth, May 21, 1993 DPUC letter, approved the transfer of a delinquent balance at Hallett Street which was foreclosed upon to be transferred to the home account of Mr. Norinth at Hazelwood Avenue.
In re: Anthony Janov, April 8, 1996, DPUC letter approved the transfer from the delinquent account at Dover Street, which property had been foreclosed, to the Janov's personal residence account at Willow Street. In these last two cases Bridgeport Hydraulic Company had provided the water service to both premises.
The defendant argued that the transfer authority does not exist under the facts of this case. He makes the following arguments, (1) the regulation cited by the plaintiff, subsection (j), relates only to termination of spouses and former spouses utility services and that it is not relevant to the facts of this case, (2) subsections (i)(5) and (i)(6) are not relevant under the facts of this case, (3) Connecticut General Statutes§ 16-262f, is limited to "the building in question" . . . and "for utility service furnished to such building," and (4) § 16-262f(b) states: "receivership established pursuant to subsection (a) shall be terminated by the court upon its finding that the arrearage which was the subject of the original petition has been satisfied" and this petition only dealt with Madison Avenue. The court has reviewed each of these four arguments and finds the issues in favor of the plaintiff.
The court concludes that the Connecticut Regulations permit the plaintiff to transfer an unpaid balance from one account to another account providing the account is of "the same type and class of the named customer." Therefore the issues briefed by the parties in this case are found for the plaintiff and the plaintiff has such authorization to transfer.
No evidence was offered. The court cannot adequately review the final account and the factual issues raised in the defendant's objection without conducting an evidentiary hearing. Among the items to be considered at that evidentiary hearing are (1) the date of the Revere Street account transfer, (2) whether or not that transfer was caused by foreclosure or spousal difficulty, (3) the accuracy of the amount transferred, (4) credits for any payments made to the account after transfer directly by the defendant to the plaintiff, (5) what notice, if any, was given to the defendant of the transfer, (6) whether CT Page 5268 both premises are the same type and class, (7) the owners of both premises, (8) have the due process rights of the defendants been violated, (9) the allocation of the receiver's fees to each account, (10) the allocation of the attorney's fees to each account, (11) receipt of an updated allocated final account to be filed by the receiver and (12) how was the line in the final accounting "Current Billings $1,028.56" calculated.
The matter is continued to August 28, 1996 at 9:30 a.m. for an evidentiary hearing.
BY THE COURT, _____________________ KEVIN TIERNEY, JUDGE