[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUPPLEMENTAL ORDER REGARDING RECEIVER OF RENTS
 FACTUAL BACKGROUND
The plaintiff, The Federal Home Loan Mortgage Corporation, filed the present four actions seeking strict foreclosure on four separate properties located in Hartford, Connecticut, a receiver of rents for said premises, and other relief. Pursuant to a request by Connecticut Natural Gas Corp. (CNG), a receiver of rents pursuant to General Statutes § 16-262f (utility receivership) was appointed for all four properties in these cases. CNG filed a motion to be made a party defendant in the present actions, and the court granted those motions. In addition, the court accepted a stipulation wherein the plaintiff and CNG agreed to the appointment of a neutral rent receiver, The plaintiff filed a motion for supplemental order, seeking priority over any arrearage due CNG upon foreclosure if the plaintiff is undersecured The court must deny the plaintiffs proposed supplemental order if the utility receivership of the defendant utility company has priority over the rent receivership of the plaintiff mortgagee.
 PLAINTIFF'S PRIORITY CLAIM
The plaintiff claims that its mortgage has priority over the utility bills in default because of the doctrine of "first in time, first in right." The plaintiff argues that the creation of a right to a receivership does not resolve the issue of which lien has priority. It claims that the usual rules of priority govern unless the legislature specifically dictates otherwise. In addition, the plaintiff claims that granting CNG priority would lead to an inequitable result and encourage the use of dilatory tactics.
CNG counters that it has priority because the legislature CT Page 7275 created General Statutes § 16-262f, the statutory authority for CNG`s receivership, subsequent to the existence of a right for a foreclosing mortgagee to apply for a rent receivership. CNG contends that the legislature did not include the type of rent receivership that the plaintiff holds as one of the liens listed as having priority within General Statutes § 16-262f (e). CNG also indicates that the legislative history of General Statutes § 16-262f provides that CNG`s utility receivership would have priority over mortgage payments. Finally, CNG cites a Superior Court case in which the court granted priority to a utility receivership despite the existence of a mortgagee's rent receivership. See Connecticut-American Water Co. v. Stern, Superior Court, Judicial District of New London at New London, Docket No. 91-05200434 (October 7, 1991, Hendel J.).
The plaintiff argues that it has priority because it has a mortgage that is first in time. See Independence One MortgageCorp. v. Katsaros, 43 Conn. App. 71, 73, 681 A.2d 1005 (1996). CNG contends that the enactment of General Statutes § 16-262f
occurred subsequent to a mortgagee's right to a rent receivership on the mortgaged property and the statute lists the only procedures allowed priority over a utility receivership.
A court's "fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . Moreover, principles of statutory construction require the court to construe a statute in a manner that will not frustrate its intended purpose or lead to an absurd result The court must avoid a construction that fails to attain a rational and sensible result that bears directly on the purpose the legislature sought to achieve." (Citations omitted; internal quotation marks omitted.) General Accident Ins. Co. v. Powers. Bolles, Houlihan Harthne, Inc., 50 Conn. App. 701, 708, 719 A.2d 77 (1998), cert. granted, 247 Conn. 954, ___ A.2d ___ (1999).
"Ordinarily, if the language of a statute is plain and unambiguous, [courts] need look no further than the words themselves because [courts] assume that the language expresses the legislature's intent In seeking to discern that intent, courts look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." Office ofConsumer Counsel v. Department of Public Utility Control, CT Page 7276246 Conn. 18, 29, 716 A.2d 78 (1998).
In a 1989 amendment to General Statutes § 16-262f, the legislature specifically listed certain types of proceedings that have priority over a utility receivership. See Public Acts 1989, No. 89-254, § 15. These proceedings are: (1) an action, pursuant to General Statutes §§ 47a-14a through 47a-14h, by a majority of the tenants of a tenement house for a private receivership over a building which has housing violations, lack of heat, electricity, etc.; (2) an action, pursuant to General Statutes §§ 47a-56 through 47a-56i, for a municipal receivership over tenement houses that have not complied with certain health or safety standards; (3) a receiver of rents appointed pursuant to General Statutes §§ 42-110a et seq., the Connecticut Unfair Trade Practices Act; and (4) any other action involving the making of repairs to residential rental property. See General Statutes § 16-262f (e). This statute does not mention a receivership or an assignment of rents for the benefit of a foreclosing mortgagee Since the statute does not indicate whether those proceedings listed within General Statutes §16-262 are the only proceedings to have priority over a utility receivership, the court has examined the statute's legislative history.
The legislative history of P.A. 89-254, which added General Statutes § 16-262f (e), does not provide any indication of whether these four proceedings are the exclusive proceedings to have priority over a utility receivership. See 32 H.R. Proc., Pt. 21, 1989 Sess., pp. 7400-12; 32 S. Proc., Pt. 9, 1989 Sess., pp. 3192-94, 3255-56; Conn. Joint Standing Committee Hearings, Judiciary, Pt. 2, 1989 Sess., pp. 706-07; Conn. Joint Standing Committee Hearings, Judiciary, Pt. 3, 1989 Sess., pp. 789-91, 838. However, the legislative history of the 1975 enactment of General Statutes § 16-262f indicates that a utility receivership would have priority over the property owner's mortgage payments. See 18 H.R. Proc., Pt. 9, 1975 Sess., pp. 4354-55; see also Hartford Electric Light Co. v. Tucker,183 Conn. 85, 94 n. 3, 438 A.2d 828, cert. denied, 454 U.S. 837,102 S. Ct 143, 70 L.Ed.2d 118 (1981).[1] While a foreclosure receivership may differ from the obligations of a landlord to make payments on a mortgage, the same reasoning that permits a utility receivership to have priority over mortgage payments should also allow it to have priority over a foreclosure receivership. When a utility receivership occurs, generally, mortgage payments are not being made It would be anomalous for a CT Page 7277 utility receivership to have priority prior to the existence of a foreclosure receivership and not after a foreclosure receivership is established. The plaintiff argues that this situation is no different than a second mortgagee exercising its right to an assignment of rents prior to a first mortgage However, the comments of Representative Gejdenson indicate the legislature's intent that utility bills have priority over a mortgage.
Finally, the plaintiff apparently argues that a finding that CNG has priority would encourage dilatory tactics on the part of debtors. Our Supreme Court has stated that the courts are not the proper audience to address public policy arguments when the legislature has established the priority of payments. SeeHartford Electric Light Co. v. Tucker, supra, p 94."Section16-262f permits public service companies to petition for a statutory rent receivership under limited circumstances that are statutorily linked to the [General Statutes] § 16-262e (a) prohibition on the termination of utility services. Under §16-262e (a), service may not be terminated: (1) to a residential dwelling; (2) despite nonpayment of a delinquent account; (3) for service billed directly to the residential building's lessor, owner, agent or manager; and (4) when it is impracticable for occupants of the building to receive service in their own name. Unable to terminate service to such a residential dwelling, public service companies are expressly instructed, by § 16-262e
(a) to pursue the remedy provided in section 16-262f.The summary rent receivership proceedings authorized by § 16-262f
constitute a statutory trade-off for the requirement of continued service imposed by § 16-262e (a)." (Internal quotation marks omitted.) Connecticut Light Power Co. v. DaSilva,231 Conn. 441, 445-46, 650 A.2d 551 (1994). The court finds that the plaintiff's arguments concerning dilatory tactics are without merit since the legislature has already weighed the competing policies underlying why a utility company should have priority.
A similar conclusion was reached in Connecticut-AmericanWater Co. v. Stern, supra, in which a water company sought to compel a foreclosure receivership to pay it for past due arrearages. The court, Hendel J., indicated that the receivership created in the foreclosure action was not one of the receiverships given priority over a utility receivership created pursuant to General Statutes § 16-262. Id. The court ordered the receiver to pay the utility company for past and present water bills. Id. CT Page 7278
Based upon the statutory language of General Statutes §16-262f (e), the legislative history of General Statutes §16-262f, and the case law previously cited, the court finds that CNG's utility receivership has priority over the plaintiff.
 PLAINTIFF'S CONSTITUTIONAL CLAIM
The plaintiff also argues that it must have priority over CNG's receivership because granting priority to CNG would constitute an unconstitutional taking of the plaintiffs property and violate the plaintiffs due process rights. The plaintiff claims that it had received an assignment of rents within the relevant mortgage, exercised the assignment and now has full title to the rents. The plaintiff insists that granting a receivership to CNG without notice of the hearing and an opportunity to be heard by other creditors would result in a violation of its. due process interests. The plaintiff explains that the legislature is presumed to have intended a reasonable, just and constitutional result, and therefore, its assignment of rents must have priority.
CNG argues that the plaintiffs assignment of rents has no effect on the issue of priority because no other creditor could have a receivership aside from the plaintiff if a mortgagor executed a valid assignment of rents. CNG contends that this result would act contrary to the purpose of General Statutes § 16-262f. In addition, CNG insists that notice to the plaintiff was unnecessary because the sole factual issue to be determined is whether an amount is due and owing between the owner, agent, lessor or manager and CNG. See General Statutes § 16-262f (a)(2).
The plaintiff first claims that concluding that CNG has priority would constitute an unconstitutional taking. Thefifth amendment to the United States constitution prohibits the taking of private property for a public use without just compensation. The Appellate Session of the Connecticut Superior Court, however, has stated that "[a] public utility, although heavily regulated by the state, is not an arm thereof but retains its status as a private company. Thus when it has been claimed that acts of a regulated utility are under color of state law,' such claims have been dismissed. Jackson v. Metrot, olitan Edison Co.,419 U.S. 345, 351 [95 S.Ct. 449, 42 L.Ed.2d 477 (1974)]; Taylor v.Consolidated Edison Co. of New York. Inc., 552 F.2d 39 (2d Cir) [cert. denied, 434 U.S. 845, 98 S.Ct. 147, 54 L.Ed.2d 111 (1977)]. CT Page 7279 The remedy provided by § 16-262f is, therefore, not a taking for a public purpose but a taking for a private purpose, the payment of a private debt owed by the [debtor] to the plaintiff utility company. . . ." Hartford Electric Light Co. v. Tucker,35 Conn. Sup. 609, 612, 401 A.2d 454, cert. denied, 176 Conn. 765,394 A.2d 202 (1978). Therefore, there could not be an unconstitutional taking in this case.
The plaintiff also argues that concluding that CNG has priority over its interest would deny creditors with an assignment of rents due process of the law since General Statutes § 16-262f does not require notice to such creditors of a utility company's application for a utility receivership. Our Supreme Court has previously refused to address the issue of whether creditors must receive notice of the application for a utility receivership under the state and federal constitution. See Southern Connecticut Gas Co. v. Housing Authority, supra, p.191 Conn. 522 (holding that debtor cannot assert the constitutional claims of others). Therefore, this is an issue of first impression.
The fourteenth amendment to the United States constitution prohibits the state from denying any person life, liberty or property without due process of law. See State v. Rhodes,248 Conn. 39, 48 n. 14, ___ A.2d ___ (1999). "The amendment in no way undertakes to control the power of a State to determine by what process legal rights may be asserted or legal obligations be enforced, provided the method of procedure adopted for these purposes gives reasonable notice and affords fair opportunity to be heard before the issues are decided."' Hartford FederalSavings Loan Assn. v. Tucker, 196 Conn. 172, 176,491 A.2d 1084, cert. denied, 474 U.S. 920, 106 S.Ct. 250, 88 L.Ed.2d 258
(1985), quoting Iowa Central Rv. Co. v. Iowa, 160 U.S. 389, 393,16 S.Ct. 344, 40 L.Ed. 467 (1896). There are "some exceptions to the general rule requiring predeprivation notice and hearing, but only in extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event." United States v. James Daniel Good RealProperty, 510 U.S. 43, 53, 114 S.Ct. 492, 126 L.Ed.2d 490
(1993)."[T]here is no violation of due process when a party in interest is given the opportunity at a meaningful time for a court hearing to litigate the question of appointment of a receiver." Hartford Federal Savings Loan Assn. v. Tucker, supra, pp 176-177. The Connecticut Supreme Court has already concluded that General Statutes § 16-262f is facially valid. CT Page 7280 See Connecticut Natural Gas Corp. v. Miller, 239 Conn. 313, 319,684 A.2d 1173 (1996). Therefore, the court must determine whether the statute is unconstitutional as applied to this case.
"It is axiomatic that due process is flexible and calls for such procedural protections as the particular situation demands. Employing the test used in Mathews v. Eldridge, 424 U.S. 319,335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), and modified inConnecticut v. Doehr, 501 U.S. 1, 11, 111 S.Ct. 2105,115 L.Ed.2d 1 (1991), [courts] undertake a three part inquiry to determine whether a due process violation has occurred in the context of a dispute, like the present one, between private parties. This inquiry requires first, consideration of the private interest that will be affected by the [summary proceeding]; second, an examination of the risk of erroneous deprivation through the [summary proceeding] and the probable value of additional or alternative safeguards; and third . . . principal attention to the interest of the party seeking the [summary proceeding] with, nonetheless, due regard for any ancillary interest the government may have in providing the [summary proceeding] or forgoing the added burden of providing greater protections." (Citation omitted; internal quotation marks omitted.) Connecticut NaturalGas Corp, v. Miller, supra, pp. 319-320.
General Statutes § 16-262f "entitles a utility company to apply for a receivership [u]pon the default of the owner . . . of a residential dwelling who is billed directly . . . for utility service furnished to such building. . . . The statute requires an immediate judicial order to show cause why a receiver should not be appointed, and a hearing, within seventy-two hours, whose sole purpose shall be to determine whether there is an amount due and owing between the owner and the . . . utility. That statute further directs the court to make a determination of any amount due and owing and any amount so determined shall constitute a lien upon the real property of such owner." (Internal quotation marks omitted.) Connecticut Light Power Co, v. DaSilva, supra, pp. 445-446.
The plaintiff claims that its exercise of the assignment of rents in the mortgage created a property interest under General Statutes § 49-10[2] and the denial of notice of the application for a utility receivership would constitute a violation of due process. While the plaintiff may have an important property interest in an assignment of rents, the possibility of an erroneous deprivation of the plaintiff's interest is unlikely and CT Page 7281 the importance of the summary proceeding to CNG is significant. General Statutes § 16-262f provides a constitutional procedure for the appointment of a utility receiver. The hearing required by General Statutes § 16-262f allows the owner of the subject property to contest the appointment of a utility receivership by demonstrating that a utility bill is not due or owing. While "it is no answer to say that in [this] particular case due process of law would have led to the same result because [the plaintiff] had no adequate defense upon the merits"; Peraltav. Heights Medical Center. Inc., 485 U.S. 80, 86, 107 S.Ct. 2458,99 L.Ed.2d 75 (1988); notice to the plaintiff was unnecessary since the summary proceeding under General Statutes § 16-262f
is unlikely to cause injustice to the mortgagee. Having previously concluded that the legislature intended to grant priority to a utility receivership over a foreclosure receivership, notice to mortgagees would not provide any additional safeguards to prevent an erroneous determination of whether the debtor had an amount due to a utility company.
"Under the third Mathews-Doehr factor [the court] must consider the effect any additional procedural safeguards will have on the interest of the government or the [party seeking the summary proceeding]. . . . Although, in this case, an increase in procedural safeguards will not impose a substantial fiscal or administrative burden on the government . . . it will impose a burden on [CNG]. As previously discussed, [CNG] has a strong need for the prompt, efficient appointment of a receiver under circumstances where it is forced to provide uncompensated gas services. To encumber the § 16-262f proceeding with additional procedural requirements would only marginally benefit the [plaintiff], who [has] a later opportunity to litigate [the plaintiff's claims], while significantly impairing the plaintiffs ability to receive expeditious compensation for its services.. [The court] decline[s] to weigh these competing interests in favor of holding that additional procedural safeguards are required at a § 16-262f hearing." (Citations omitted; internal quotation marks omitted.) Connecticut Natural Gas Corp,v. Miller, supra pp. 325-326; see PDS Engineering Construction,Inc, v. Double RS, 42 Conn. Sup. 460, 472, 627 A.2d 959 (1992) (holding that requiring mechanic's lienor to notify all other lienors would necessitate a title search and thus vitiate the efficacy of mechanic's lien law); see also General Statutes §49-51 (providing for discharge of an invalid lien by any person having an interest in any real or personal property). CT Page 7282
This court concludes that General Statutes § 16-262f is a constitutional accommodation of the conflicting interests of the parties because it is unlikely to produce erroneous conclusions and it protects a utility company's interest in obtaining a prompt receivership when utility bills are overdue. The plaintiff would have an adequate opportunity to challenge a utility company's receivership or lien after the appointment of a utility receivership pursuant to General Statutes § 49-51. Therefore, the court holds that a utility receivership having priority over a first mortgagee does not violate the mortgage's right to due process.
 CONCLUSION
The court, having concluded that CNG's utility receivership has priority over the plaintiff, and that this priority would not result in an unconstitutional taking or produce an unconstitutional violation of the plaintiffs due process rights, the plaintiffs motion for supplemental order is denied.
Freed, J.